```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
MERVYN FRANKEL,
                                        06 Civ. 5450(LTS)(DFE)
                 Plaintiff,             07 Civ. 3436(LTS)(DFE)

       - against -                      MEMORANDUM AND ORDER
                                        These are not ECF cases
NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, et al.,

                 Defendants.
-----------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  My Memorandum and Order dated September 12, 2007 said:

> My 7/11/07 Scheduling Order stated, at Paragraph 2: "All fact discovery must be commenced in time to be completed by 9/30/07." Mr. Frankel now asks me to grant an extension. He has bombarded me with letters dated August 29, August 31, September 9, and September 10, 2007. These letters do not convince me that there is a good reason for an extension. ....

    2.  By September 25, 2007, plaintiff (who is *pro se*) had taken 8 depositions. On the afternoon of September 25, he informed defense counsel that he wanted to withdraw his notices to depose Robert Gould and Andrew Cymbal, and that he instead wanted to depose co-worker Tyrone McShine. Defense counsel opposed the request to depose McShine. By letter to me dated September 28, he noted that this request was very untimely, and he noted that plaintiff had already been provided with extensive discovery. By fax to me dated October 1, plaintiff said that "Tyrone McShine ... is not a central part of the clique," but that he now needed to depose McShine because Colin Abrams had avoided giving straight answers at his September 25 deposition.

    3.  On October 2, 2007, I held a telephone conference with plaintiff and defense counsel. I suggested that plaintiff wait for the Abrams transcript and then write to me if plaintiff wanted me to compel a further answer to any specific question that was contained in the transcript. Plaintiff replied that he preferred to depose McShine. I said all further proceedings are stayed until I rule on the request to depose McShine.

4. By fax to me dated October 2, plaintiff explained that "Mr. McShine is new to the group and [therefore] I am hoping that he will not be fearful of giving a true analysis of the situation." He repeated this sentence in a fax to me dated October 28.

5. On October 30, 2007, plaintiff mailed me the transcript of his deposition of Abrams (not yet corrected or signed by Abrams). It is true that Abrams changed one answer at Tr. 25, but he explained why he had misunderstood the question. I reject all of plaintiff's complaints about the conduct of Abrams and defense counsel at that deposition.

6. By fax to me dated October 31, plaintiff asks me to rule on a trivial issue - - whether the City employees should send their signed transcripts directly to plaintiff or through defense counsel. I rule that they should send them through defense counsel unless a particular employee affirmatively chooses to send the transcript directly to plaintiff.

7. By fax to me dated November 5, defense counsel notes that "McShine has never been assigned to review plaintiff's work, nor does McShine exert any control over the terms and conditions of plaintiff's employment." He also claims, in a footnote, that "[a]t no point prior to ... September 25 ... did plaintiff ever inform this office that he sought to depose McShine." Plaintiff promptly retorted by faxing me a page that he says he submitted to Judge Swain and to defense counsel back on December 4, 2006; on that page, plaintiff listed McShine as the last of 12 witnesses whose depositions plaintiff might choose to request. However, he eventually did not seek to depose 10 of those 12 persons, so that one mention of McShine was hardly good notice to defense counsel.

8. Nevertheless, I have decided to grant plaintiff one last indulgence. I direct defense counsel to produce Tyrone McShine, no later than December 3, 2007, for deposition by plaintiff for a maximum of two hours (at plaintiff's expense). In all other respects, discovery is closed.

9. I enclose (by mail) my Amended and Final Pre-Trial Scheduling Order for Both Cases (this time using Judge Swain's form). Any dispositive motions must be directed to me, and must be served and filed on or before January 7, 2008; opposing papers must be served and filed on or before January 24, 2008. Unless I grant a motion for a stay, (a) the parties will have to meet the

other deadlines in the Scheduling Order (see, for one example, ¶3 of the Scheduling Order) and (b) Judge Swain will hold a final pre-trial conference on April 17, 2008 at 2:00 p.m.  It is unlikely that I would grant any further extensions.

*[signature]*
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:    New York, New York
          November 8, 2007

Copies of this Memorandum and Order (and of my Amended and Final Pre-Trial Scheduling Order for Both Cases) are being sent by mail to:

Mervyn Frankel
144-16 68 Drive
Flushing, NY 11367
(also, this Memorandum and Order by fax to 718-263-4564 without the enclosure)

Kevin A. Madden, Esq.
New York City Law Department
100 Church Street, Room 2-108
New York, NY 10007
(also, this Memorandum and Order by fax to 212-788-8877 without the enclosure)

Hon. Laura Taylor Swain

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MERVYN FRANKEL,
                                          06 Civ. 5450(LTS)(DFE)
                 Plaintiff,               07 Civ. 3436(LTS)(DFE)

     - against -                          MEMORANDUM AND ORDER
                                          These are not ECF cases
NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, et al.,

                 Defendants.
------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  My Memorandum and Order dated September 12, 2007 said:

> My 7/11/07 Scheduling Order stated, at Paragraph 2: "All fact discovery must be commenced in time to be completed by 9/30/07." Mr. Frankel now asks me to grant an extension. He has bombarded me with letters dated August 29, August 31, September 9, and September 10, 2007. These letters do not convince me that there is a good reason for an extension. ....

    2.  By September 25, 2007, plaintiff (who is *pro se*) had taken 8 depositions. On the afternoon of September 25, he informed defense counsel that he wanted to withdraw his notices to depose Robert Gould and Andrew Cymbal, and that he instead wanted to depose co-worker Tyrone McShine. Defense counsel opposed the request to depose McShine. By letter to me dated September 28, he noted that this request was very untimely, and he noted that plaintiff had already been provided with extensive discovery. By fax to me dated October 1, plaintiff said that "Tyrone McShine ... is not a central part of the clique," but that he now needed to depose McShine because Colin Abrams had avoided giving straight answers at his September 25 deposition.

    3.  On October 2, 2007, I held a telephone conference with plaintiff and defense counsel. I suggested that plaintiff wait for the Abrams transcript and then write to me if plaintiff wanted me to compel a further answer to any specific question that was contained in the transcript. Plaintiff replied that he preferred to depose McShine. I said all further proceedings are stayed until I rule on the request to depose McShine.

-1-

4. By fax to me dated October 2, plaintiff explained that "Mr. McShine is new to the group and [therefore] I am hoping that he will not be fearful of giving a true analysis of the situation." He repeated this sentence in a fax to me dated October 28.

5. On October 30, 2007, plaintiff mailed me the transcript of his deposition of Abrams (not yet corrected or signed by Abrams). It is true that Abrams changed one answer at Tr. 25, but he explained why he had misunderstood the question. I reject all of plaintiff's complaints about the conduct of Abrams and defense counsel at that deposition.

6. By fax to me dated October 31, plaintiff asks me to rule on a trivial issue - - whether the City employees should send their signed transcripts directly to plaintiff or through defense counsel. I rule that they should send them through defense counsel unless a particular employee affirmatively chooses to send the transcript directly to plaintiff.

7. By fax to me dated November 5, defense counsel notes that "McShine has never been assigned to review plaintiff's work, nor does McShine exert any control over the terms and conditions of plaintiff's employment." He also claims, in a footnote, that "[a]t no point prior to ... September 25 ... did plaintiff ever inform this office that he sought to depose McShine." Plaintiff promptly retorted by faxing me a page that he says he submitted to Judge Swain and to defense counsel back on December 4, 2006; on that page, plaintiff listed McShine as the last of 12 witnesses whose depositions plaintiff might choose to request. However, he eventually did not seek to depose 10 of those 12 persons, so that one mention of McShine was hardly good notice to defense counsel.

8. Nevertheless, I have decided to grant plaintiff one last indulgence. I direct defense counsel to produce Tyrone McShine, no later than December 3, 2007, for deposition by plaintiff for a maximum of two hours (at plaintiff's expense). In all other respects, discovery is closed.

9. I enclose (by mail) my Amended and Final Pre-Trial Scheduling Order for Both Cases (this time using Judge Swain's form). Any dispositive motions must be directed to me, and must be served and filed on or before January 7, 2008; opposing papers must be served and filed on or before January 24, 2008. Unless I grant a motion for a stay, (a) the parties will have to meet the

other deadlines in the Scheduling Order (see, for one example, ¶3 of the Scheduling Order) and (b) Judge Swain will hold a final pre-trial conference on April 17, 2008 at 2:00 p.m. It is unlikely that I would grant any further extensions.

                                         /s/ Douglas F. Eaton
                              DOUGLAS F. EATON
                              United States Magistrate Judge
                              500 Pearl Street, Room 1360
                              New York, New York 10007
                              Telephone: (212) 805-6175
                              Fax: (212) 805-6181

Dated:     New York, New York
             November 8, 2007

Copies of this Memorandum and Order (and of my Amended and Final Pre-Trial Scheduling Order for Both Cases) are being sent by mail to:

Mervyn Frankel
144-16 68 Drive
Flushing, NY 11367
(also, this Memorandum and Order by fax to 718-263-4564 without the enclosure)

Kevin A. Madden, Esq.
New York City Law Department
100 Church Street, Room 2-108
New York, NY 10007
(also, this Memorandum and Order by fax to 212-788-8877 without the enclosure)

Hon. Laura Taylor Swain