UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MERVYN FRANKEL,

                  Plaintiff,

      - against -

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, et al.,

                 Defendants.
------------------------------------x

06 Civ. 5450(LTS)(DFE)
07 Civ. 3436(LTS)(DFE)

MEMORANDUM AND ORDER
These are not ECF cases

DOUGLAS F. EATON, United States Magistrate Judge.

    My Memorandum and Order dated November 8, 2007 ended with the following two paragraphs:

> 8. Nevertheless, I have decided to grant plaintiff one last indulgence. I direct defense counsel to produce Tyrone McShine, no later than December 3, 2007, for deposition by plaintiff for a maximum of two hours (at plaintiff's expense). In all other respects, discovery is closed.
>
> 9. I enclose (by mail) my Amended and Final Pre-Trial Scheduling Order for Both Cases (this time using Judge Swain's form). Any dispositive motions must be directed to me, and must be served and filed on or before January 7, 2008; opposing papers must be served and filed on or before January 24, 2008. Unless I grant a motion for a stay, (a) the parties will have to meet the other deadlines in the Scheduling Order (see, for one example, ¶3 of the Scheduling Order) and (b) Judge Swain will hold a final pre-trial conference on April 17, 2008 at 2:00 p.m. It is unlikely that I would grant any further extensions.

Plaintiff promptly requested that the April 17 conference be moved to "earlier that week since that day is the cusp of Passover." Judge Swain changed the conference to May 1.

    It turned out that discovery has closed except for the production of some documents. The production has been delayed by a dispute about a proposed protective order. The dispute is

-1-

reflected in letters to me from ACC Madden on November 20 and from plaintiff on November 29. Plaintiff objected to any retroactive protective order; he was willing to agree (in a side letter, but not in a stipulated protective order) that he would "honor any confidentiality" on documents if they were specifically identified to him by defense counsel. At my direction, my law clerk told the parties on December 3 that I felt this dispute was trivial and that I wanted them to conduct further negotiations on it. Those negotiations are continuing. In a December 18 fax, plaintiff told me that the dispute was holding up the City's production of "materials of Jackie Holds/Stoecker"; on December 19, my law clerk advised plaintiff that he must confer with defense counsel and then send me a single joint letter.

By fax to me on December 31, ACC Madden advises me that he became ill with the flu on December 23, and that he has become unable to complete his summary judgment papers by January 7. The City Law Department has assigned him to work on a case that will be tried before Judge Gleeson in the Eastern District for two weeks beginning February 4; ACC Madden is working on *in limine* motions which have briefing deadlines of January 3, 10 and 15; he then has meetings with each of eleven witnesses that the City will be calling to the witness stand in the Eastern District trial. In our case, he asks me for an adjournment until March 7, and his fax advises me that plaintiff does not consent.

By fax to me on January 1, 2008, plaintiff objects to any extension. His ¶11 asserts that the "[p]rotective order dispute has no relevance or adverse effect on the ability of Corporation Counsel to prepare their dispositive motion." I disagree. In summary judgment papers, both sides must submit their evidence to me. They can submit confidential documents to me in a separate bundle under seal, but (a) plaintiff's December 18 fax told me that the protective order dispute was holding up the City's production of documents that plaintiff believes may be important to his opposition to summary judgment, (b) the City may want to show me certain confidential documents that it believes may support summary judgment, and (c) the City understandably objects to showing plaintiff (in discovery or in summary judgment papers) personnel records about other City employees unless plaintiff is bound by a court order to keep them confidential. Accordingly, **I direct plaintiff to fax to defense counsel (and to me) plaintiff's position on the protective order dispute, no later than January 9, 2008. I direct defense counsel to fax to plaintiff (and to me) defendants' position on the protective order dispute, no later than January 16, 2008.** Unless the parties send me a stipulated protective order, I will then have

-2-

to write a decision to resolve their dispute.

Plaintiff's January 1st fax, at ¶9 says: "Would like a copy of undisputed facts. (I have my own)." Accordingly, **I direct plaintiff to fax to defense counsel (but not to me) his latest draft of undisputed facts, no later than January 10, 2008. I direct defense counsel to fax to plaintiff (but not to me) his latest draft of undisputed facts, no later than January 17, 2008.** I expect that both sides may later refine those drafts, but the drafts will help both sides to focus their summary judgment papers, which should help me to write a speedier Report and Recommendation to Judge Swain.

Plaintiff's ¶4 says: "Corporation Counsel should assign extra staff in order to meet court deadlines." In my twelve years of experience, the Corporation Counsel's Office has been diligent in assigning its attorneys to meet court deadlines. A trial deadline, such as Judge Gleeson's, is a top priority. The Office had to choose someone to meet Judge Gleeson's deadlines, and I am confident that the Office did not have a qualified extra attorney who was less busy that ACC Madden. As it turned out, he became ill with the flu on December 23. In these circumstances, I will not require the Office to assign a new attorney to my case after all the work that ACC Madden has devoted to it.

Plaintiff's ¶7 says: "The request should come with a motion to stay since this delay severely impacts pre-trial preparations." Accordingly, I rule as follows:

   A. **Any dispositive motions must be directed to me, and must be served and filed on or before March 7, 2008; opposing papers must be served and filed on or before March 24, 2008; any reply papers must be served and filed on or before April 3, 2008.**

   B. If no dispositive motion is filed by March 7, then the parties will have to meet the other deadlines in the 11/8/07 Scheduling Order (see, for one example, ¶3 of the Scheduling Order, which requires the parties to hold a preliminary conference on or before March 17, 2008, which is 45 days before Judge Swain's final pre-trial conference currently scheduled for May 1st).

   C. If a dispositive motion is filed by March 7, then I hereby stay the other deadlines in the 11/8/07 Scheduling Order.

*/s/ Douglas F. Eaton*
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:     New York, New York
           January 3, 2008

Copies of this Memorandum and Order are being sent by mail to:

Mervyn Frankel
144-16 68 Drive
Flushing, NY 11367
(also by fax to 718-263-4564)

Kevin A. Madden, Esq.
New York City Law Department
100 Church Street, Room 2-108
New York, NY 10007
(also by fax to 212-788-8877)

Hon. Laura Taylor Swain