USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/18/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MERVYN FRANKEL,

                Plaintiff,

        - against -

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

06 Civ. 5450 (LTS) (DFE)
07 Civ. 3436 (LTS) (DFE)

MEMORANDUM AND ORDER
These are not ECF cases

DOUGLAS F. EATON, United States Magistrate Judge.

      Pursuant to my Memorandum and Order dated January 3, 2008,
I have received three faxes concerning the dispute about
defendants' request for a protective order to protect the
information contained in personnel files of City employees other
than plaintiff:

            1/3/08 fax letter to me from plaintiff;

            1/16/08 fax letter to me from ACC Madden,
enclosing his proposed protective order;

            1/16/08 fax reply from plaintiff; he lists
8 points, to which I now respond.

      Point 1.  Plaintiff denies that he agreed to the proposed
order's ¶3 ("Plaintiff shall not use the Confidential Materials
for any purpose other than for the preparation or presentation of
plaintiff's case in this action") and ¶7 (plaintiff shall return
the Confidential Materials within 30 days after the termination
of this case).  In my view, plaintiff should have agreed to ¶3
and ¶7; they are sensible, standard provisions.  I will issue the
protective order with slight changes to some of its other
paragraphs.  Also, I will delete the text about "stipulated and
agreed," so the record is clear that plaintiff did not agree.

      Point 2.  Plaintiff asserts that "if plaintiff forgoes
records of Jackie Holds as not being relevant to plaintiff's
method of argument to prove his case, this protective order is an
academic issue."  Plaintiff's assertion is incorrect.  The
defendants have already produced personnel records about
employees other than Jackie Holds, and the City wishes to protect

-1-

those records by retroactively designating specific ones as
confidential. I see no prejudice to plaintiff. If plaintiff has
revealed any of those records to a third party, then plaintiff
would be well advised to make a clear record that he had made
that revelation before he received the enclosed Protective Order.

Point 3. On its face, plaintiff's Point 3 does not sound
like an objection. I believe it is probably an objection to ACC
Madden's statement that he seeks "to have retroactive language in
the protective order in case there were documents that
inadvertently were produced without" being marked "confidential"
and without even being specifically described in ¶1 or in a side
letter. As far as I can tell, ACC Madden seeks to accomplish
this with his ¶1(c), which sweeps "any documents identified by
defendants as subject to this order" into the definition of
"Confidential Materials." This is too broad, and gives the
defendants too much power. Hence, I will delete ¶1(c). If
plaintiff or defendant wants my protective order to protect any
document or information that is not described in ¶1's
subdivisions a, b, d, e or f, then that party must initiate a
joint letter to me which submits the item to me and asks me to
include it within the protection of my protective order.

Point 4. Plaintiff should be thankful that the defendants
produced some personnel records before they thought of the need
for a protective order. The defendants did raise this issue in a
letter to me dated November 20, 2007; the reason I am forced to
write about it at the "eleventh hour" is that plaintiff
stubbornly refused to compromise on his objections, most of which
were meritless in my view.

Point 5. This objection is solved by my deletion of ¶1(c).

Points 6 and 7. If plaintiff produced documents which he
now thinks have a specific need for a protective order, then he
must follow the last sentence of my discussion of Point 3.
However, plaintiff has probably waived confidentiality to the
extent that he has made public allegations in his lawsuits; by
contrast, it seems that his co-workers have not waived their
privacy.

Point 8. Plaintiff has offered a side letter in lieu of a
protective order. But the co-workers' privacy is more fully
protected by a court order.

I enclose my Protective Order.

Finally, in a fax letter to me dated January 8, 2008,

plaintiff says that he will be submitting a cross-motion for
summary judgment.  In an employment discrimination case, it is
virtually impossible for a plaintiff to obtain summary judgment.
Nevertheless, I hereby supplement Paragraph A on page 3 of my
1/3/08 Memorandum and Order as follows:

>       **A.  Any dispositive motions must be directed to me.
> Defendants' motion for summary judgment must be served
> and filed on or before March 7, 2008; plaintiff's
> opposing papers (and cross-motion, if any) must be
> served and filed on or before March 24, 2008;
> defendants' reply (and opposition to any cross-motion)
> must be served and filed on or before April 3, 2008.
> Plaintiff must not file any "surreply" as to defendants'
> motion; however, if plaintiff has made a cross-motion,
> he may serve a reply limited to that cross-motion on
> or before April 14, 2008.**

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:    New York, New York
          January 17, 2008

Copies of this Memorandum and Order (and of my Protective Order)
are being sent by mail to:

Mervyn Frankel
144-16 68 Drive
Flushing, NY 11367
(also by fax to 718-263-4564)

Kevin A. Madden, Esq.
New York City Law Department
100 Church Street, Room 2-108
New York, NY 10007
(also by fax to 212-788-8877)

Hon. Laura Taylor Swain