```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 1/18/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MERVYN FRANKEL,

                            Plaintiff,  **PROTECTIVE ORDER**

    -against-

CITY OF NEW YORK, NEW YORK CITY     06 Civ. 5450 (LTS)(DFE)
DEPARTMENT OF ENVIRONMENTAL PROTECTION,
KEINO LEITCH, CECIL MCMASTER, MARTHA
OSENNI,

                            Defendants.

------------------------------------------------------------X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MERVYN FRANKEL,

                            Plaintiff,

    -against-

CITY OF NEW YORK, NEW YORK CITY     07 Civ. 3436 (LTS)(DFE)
DEPARTMENT OF ENVIRONMENTAL PROTECTION,
KEINO LEITCH, CECIL MCMASTER, ROMEL
OSBOURNE and MARTHA OSENNI,

                            Defendants.

------------------------------------------------------------X

       **WHEREAS**, plaintiff has sought from defendants in discovery in this action certain documents which defendants deems confidential, and

       **WHEREAS**, defendants objects to the production of those documents unless appropriate protection for their confidentiality is assured,

NOW, THEREFORE, IT IS HEREBY ~~STIPULATED AND AGREED~~ ORDERED ~~by and between the plaintiff and defendants~~, as follows:

1. As used herein, "Confidential Materials" shall mean all documents and the information contained therein relating to the personnel of the New York City Department of Environmental Protection ("DEP"), other than plaintiff in this action, including, but not limited to, (a) personnel files and the information contained therein including, but not limited to, information regarding discipline, evaluations, and internal and external Equal Employment Opportunity complaints; (b) copies of any documents containing information about the actual or potential personnel action taken with respect to any present or former personnel of the New York City Department of Environmental Protection and/or the City of New York other than plaintiff in this action, including, but not limited to, copies of investigation files, disciplinary files, internal and external Equal Employment Opportunity files; (c) ~~any documents identified by defendants as~~ ~~subject to this order~~; (d) any documents that the Court directs to be produced subject to this order; (e) compensation time records produced to plaintiff on September 26, 2007 bearing bates stamp numbers COMP 0001- COMP0005, overtime records produced to plaintiff on July 9, 2007 bearing bates stamp T0001 – T0007, overtime records produced to plaintiff on August 15, 2007 bearing bates stamp T0008 –T0011; and (f) any testimony concerning subsection (a), (b), (c),(d) and (e) and the documents and information contained therein.

2. Documents and information are not Confidential Materials to the extent that they (a) are properly obtained by plaintiff from a source other than defendants herein, or (b) are otherwise publicly available.

3. Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

2

4. Plaintiff shall not disclose the Confidential Materials to any person, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

    b. Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff in anticipation of litigation or preparation for this action, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff and a copy shall be furnished to defendants' attorney within ten (10) days.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court

3

enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7.  Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants, at the reasonable expense of defendants, and all persons who possessed such materials, other than plaintiff, shall verify their return by affidavit or certification furnished to defendants' attorney; plaintiff shall represent that all Confidential Materials have been returned; provided that notes and other materials that are or contain the work product of attorneys may be retained. However, any such retained work product shall not be used by plaintiff in any other case against the City of New York, it agencies or its employees and the same shall be verified to defendants' attorney.

4

8. Nothing in this ~~Stipulation~~ Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
January 17, 2008

Mr. Mervyn Frankel
Plaintiff *pro se*
144-16 68 Drive
Flushing, New York 11367
(917) 841-9507

By: /s/ Mervyn Frankel

January 17, 2008
Date

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-122
New York, New York 10007
(212) 788-0880

By: /s/ Kevin A. Madden (KM 4999)
Assistant Corporation Counsel

SO ORDERED:

/s/ Douglas F. Eaton
U.S.D.J.

DOUGLAS F. EATON
U.S. Magistrate Judge

5

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on <u>January 17</u>, 2008 in the action entitled <u>Frankel v. City of New York, et al.</u>, Docket No. 06 Civ. 5450 (LTS)(DFE) and Docket No. 07 Civ. 3436 (LTS)(DFE), or has been advised of its provisions and/or contents and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____        _____
Date                                  Signature


                                      _____
                                      Print Name


                                      _____
                                      Occupation